**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANAGIOTIS DIMITRAKIS, et al., | Civil Action No.: 12-7599 (JLL) |
| Plaintiffs, v. | |
| CITIBANK, F.S.B., et al., | **OPINION** |
| Defendants. | |

**THIS MATTER** comes before the Court by way of Defendants CitiBank, F.S.B., CitiMortgage, Inc., and CitiBank, N.A.'s motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion, which was returnable on February 4, 2013, is **unopposed**. The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Defendants' motion is **granted**, Plaintiffs' Complaint is dismissed *without prejudice*, and Plaintiffs are granted leave to file an amended Complaint which cures the pleading deficiencies discussed below **on or before March 5, 2013.**

### 1.   Background and Legal Standard

Plaintiffs' Complaint—which was originally filed in the Superior Court of New Jersey, Chancery Division, Union County and subsequently removed to this Court—asserts two claims against various Defendants. The crux of Plaintiffs' Complaint is that they received inadequate notice and disclosures in connection with a mortgage loan they obtained from CitiMortgage, Inc. In light of the foregoing, Plaintiffs' Complaint alleges that Defendants are each liable for violations of: (1) the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., and (2) the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. This Court's jurisdiction is premised on 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Defendants have filed a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule

1

of Civil Procedure 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Defendants move to dismiss both claims as time-barred by the applicable statute of limitations.

## 2.   CFA Claim

To state a claim pursuant to the New Jersey Consumer Fraud Act ("CFA"), a plaintiff must generally allege three elements: (1) unlawful conduct, (2) an ascertainable loss, and (3) a causal relationship between the defendants' unlawful conduct and the plaintiffs' ascertainable loss. *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, (2007) (internal quotations omitted). The broad definition of unlawful practice covers affirmative acts and knowing omissions, as well as regulatory violations. *Cox v. Sears Roebuck & Co.*, 138 N.J. 2 (1994). When the alleged unlawful act consists of an affirmative act, "intent is not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act. However, when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud." *Id.* at 17–18.

Additionally, to adequately state a claim under the CFA, not only must a plaintiff allege facts sufficient to establish the aforementioned elements, but such allegation must be plead with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. *See Rait v. Sears, Roebuck and Co.*, No. 08–2461, 2009 WL 250309, at *4 (D.N.J. Feb. 3, 2009); *Parker v. Howmedica Osteonics Corp.*, No. 07–2400, 2008 WL 141628, at *3 (D.N.J. Jan.14, 2008). These requirements may be satisfied "by pleading the date, place or time of the fraud, or through

2

alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotations omitted).

As previously stated, Defendants move to dismiss this claim as time-barred. "[T]he statute of limitations that applies to consumer fraud claims is the same six-year general limitation contained in N.J.S.A. 2A:14-1." *Mirra v. Holland America Line*, 331 N.J. Super. 86, 90 (App. Div. 2000). A cause of action accrues under this provision when a plaintiff "knew or should have known information that would have led a reasonable person to question that representation." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

Plaintiffs' Complaint alleges, in pertinent part, that "Defendants…engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the subject mortgage by never disclosing the terms of the loan prior to closing and falsifying signatures on loan closing documents." (Compl., Count One, ¶ 14). The closing took place on September 1, 2006. (Compl., Count One, ¶ 11). Although Plaintiffs also allege that they were never informed of the closing or the terms of the mortgage, and did not attend the closing (*id.*), Plaintiffs' concede that, "after the closing," they received a check in the mail in the amount of $58,571.22. (Compl., Count One, ¶ 12). Having been presented with no facts or arguments suggesting that equitable tolling is warranted, the Court finds that Plaintiffs' CFA claims would have accrued, at the latest, on the date that Plaintiffs received their $58,571.22 check in the mail. Stated differently, the Court finds that Plaintiffs should have known that a loan had been executed on their behalf and/or that the closing had taken place on the day that they received the substantial check in the mail. This date is notably absent from Plaintiffs' Complaint.

Absent such factual content, Plaintiffs' CFA claim fails to meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) ("A plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."). In failing to provide the date on which Plaintiffs

3

received the check in question, or otherwise injecting some measure of substantiation into their allegations of fraud, Plaintiffs have failed to place Defendants on notice of the nature of the claim(s) being asserted against them. Absent sufficient particularity, the Court cannot assess whether Plaintiffs' CFA claims are time-barred.

3.   **TILA Claims**

The "TILA is a federal consumer protection statute, intended to promote the informed use of credit by requiring certain uniform disclosures from creditors." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.*, 418 F.3d 277, 303 (3d Cir. 2005). "Among other things, creditors who make loans secured by a borrower's principal dwelling are required to provide all borrowers with 'material disclosures,' including 'the annual percentage rate, the finance charge, the amount financed, the total [of] payments, [and] the payment schedule.' " *Id.* at 304 (quoting 12 C.F.R. § 226.23); *see* 15 U.S.C. § 1638 (enumerating required disclosures by creditor). "If 'material disclosures are not provided or inaccurately provided, the creditor is strictly liable and a borrower has the right to rescind the loan up to '3 years after consummation, upon transfer of all of the consumer's interest in the property, [or] upon sale of the property, whichever occurs first.' " *Cmty. Bank*, 418 F.3d at 303 (quoting 12 C.F.R. § 226.23).

Plaintiffs' Complaint alleges that "Defendant . . . failed to comply with TILA by failing to provide Defendant with proper and accurate written rescission notice and accurate material disclosures as required by TILA." (Compl., Count Two, ¶ 3). In light of the foregoing, Plaintiffs seek, *inter alia*, monetary damages and rescission of the mortgage. As previously stated, Defendants move to dismiss this claim as time-barred.

Claims under the TILA must be brought within one to three years of the alleged violation. *See* 15 U.S.C. § 1640(e) (TILA claims must be brought within one year of the date of the occurrence of the violation); *Kliesh v. Select Portfolio Servicing, Inc.*, 419 Fed. Appx. 268, 271 (3d Cir. 2011). A claim for rescission under TILA allows for an expansion beyond the one-year statute of limitations, but this expanded right to rescind is "completely extinguishe[d]" at the end of the three-year period. *See* 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(1)-(3) ("Regulation Z") (claims for rescission under TILA are barred by the three-year statute of

4

limitations period); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *Williams v. Wells Fargo Home Mortg., Inc.*, 410 Fed. Appx. 495, 498 (3d Cir. 2011). The date of the violation is the date of the closing when the transaction was consummated, that is, when "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); *see generally Bartholomew v. Northampton Nat'l Bank of Easton, Easton, Pa.*, 584 F.2d 1288, 1296 (3d Cir. 1978).

The closing took place on September 1, 2006. (Compl., Count One, ¶ 11). Although Plaintiffs also allege that they were never informed of the closing and did not attend it, (*id.*), Plaintiffs' concede that, as a result of the closing, they received a check by mail in the amount of $58,571.22. (Compl., Count One, ¶ 12). In light of the foregoing, the Court finds that Plaintiffs' TILA claims would also have accrued, at the earliest on the date of the closing (September 1, 2006) or, at the latest, on the date that Plaintiffs received their $58,571.22 check in the mail. Stated differently, the Court finds that Plaintiffs should have known that a loan had been executed on their behalf and/or that the closing had taken place on the day that they received the substantial check in the mail. This date is missing from Plaintiffs' Complaint, as are any facts suggesting why Plaintiffs are unable to provide same. In addition, as currently worded, it is unclear if Plaintiffs are claiming that no disclosures, whatsoever, were provided or that inaccurate disclosures were provided. *See* Compl., Count Two, ¶ 3 ("Defendant . . . failed to comply with TILA by failing to provide Defendant with proper and accurate written rescission notice and accurate material disclosures as required by TILA."). Such pleading fails to comply with the requirements of Federal Rule of Civil Procedure 8(a) which requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give defendant fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555.

### 4.     Conclusion

For the reasons set forth above, the Court cannot rule on Defendants' statute of limitations arguments at this time because Plaintiffs' claims have been inadequately pled. In particular, Plaintiffs' consumer fraud act claim is dismissed without prejudice for failure to meet the pleading requirement of Rule 9(b) and Plaintiffs' TILA claim is dismissed without prejudice for failure to meet the pleading requirement of Rule 8(a). Plaintiffs may file an amended

complaint that cures the pleading deficiencies in their claims **on or before March 5, 2013.** Plaintiffs' failure to do so may result in the Court deeming Plaintiffs' claims as abandoned or dismissal of Plaintiffs' claims **with prejudice**. To the extent Plaintiffs file an amended complaint, Defendants may renew any arguments previously asserted in support of any motion to dismiss. An appropriate Order accompanies this Opinion.

Date:   February 7, 2013

s/ Jose L. Linares
Jose L. Linares,
United States District Judge